MATTER OF ROWLAND

In Deportation Proceedings

A-13452279

*Decided by Board August 17, 1966*

Notwithstanding British Honduras is a colony of Great Britain, a native of British Honduras is statutorily ineligible for adjustment of status under section 245 of the Immigration and Nationality Act, as amended, since a native of any country of the Western Hemisphere, whether the country is independent or not, is precluded from the benefits of such relief by the provisions of section 245(c) of the Act, as amended by P.L. 89-236.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Non-immigrant—Remained longer.

The special inquiry officer certified his order granting respondent's applications for adjustment of status and waiver of excludability. The Service has appealed the grant of both applications. We find respondent ineligible for adjustment of status. Proceedings will be reopened.

Respondent, a 46-year-old married male, is a native and citizen of British Honduras. His deportability is clear. He entered the United States as a visitor on December 16, 1961 and after February 21, 1965 remained without authorization.

Respondent, married to a United States citizen, applied for adjustment of status on April 8, 1965 under section 245 of the Act. The issue is whether language in section 245(c) barring relief to "a native of any *country* of the Western Hemisphere" (emphasis added) includes a native of British Honduras, which is a *colony* of Great Britain.

Section 245 of the Act, when respondent filed for relief, made ineligible "any alien who is a native of any country contiguous to the United States, or of any adjacent islands * * *." British Honduras is neither contiguous to the United States nor in the category of an island adjacent to the United States (*Matter of Cadle*, 10 I. & N.

Dec. 40). Thus, insofar as nativity is concerned, the respondent was eligible for relief at the time his application was filed. However, by the time his application was decided, the section had been amended to make ineligible, natives of "any country of the Western Hemisphere or of any adjacent island named in section 101(b)(5) [of the Act]." His application must be decided under the amended law. (*Matter of George*, Int. Dec. No. 1533. But see H. R. 12596, 89th Cong. 2d Sess.)

In *Matter of George*, *supra*, the Board ruled that natives of British Guiana and Spanish Honduras were natives of a Western Hemisphere country and were therefore ineligible for relief under the amended section. The issue as to whether a colony was included in the word country was not specifically raised or discussed. Here, the special inquiry officer found that the word "country" in the amended section is ambiguous since it can refer to an independent country alone or to both an independent country and a colony. He made an exhaustive review of the legislative history concerning the amending of section 245 and concluded that the word "country" meant an independent country and therefore did not include a colony.

In reaching the conclusion that natives of colonies are eligible for relief, the special inquiry officer was influenced greatly by the manner in which the amendment to section 245 reached its final form. Originally the amendment made ineligible an alien "of the class described in section 101(a)(27)(A) of the Act" (one "born in any independent foreign country of the Western Hemisphere"). This version made no reference to nationals of adjacent islands. In lieu of it Representative Poff offered an amendment which would include nationals of adjacent islands. His amendment also struck the reference to section 101(a)(27)(A) referring to a native of an independent country and replaced it with the reference to a native of "any country" now found in the Act. In his discussion, Mr. Poff stated that the language of the original amendment would make ineligible nationals of "independent nations" and that he wanted to include nationals of the adjacent islands (111 Cong. Rec. 20995 (daily ed. August 25, 1965)). From this the special inquiry officer concluded that the change made by the Poff amendment was to meet the problem caused by natives of adjacent islands but that there was no intent to change the original amendment insofar as it referred to independent countries and not colonies of the Western Hemisphere.

In urging that the special inquiry officer be sustained, counsel relies on much of the same legislative history and he emphasizes the language of a Senate report which states that "the bounds of the Western Hemisphere * * * would embrace generally all independent

countries of North and South America." (1965 U.S. Code Cong. & Ad. News 3336.)

The trial attorney believes that respondent is ineligible for relief. He contends that the term "country" is not ambiguous and in proof offers the following definition of "country" taken from *Webster's New International Dictionary of the English Language*, 2d Ed., 1949, Merriam-Webster: "The territory of a nation, whether *independent or not*, that is distinct as to name and the character, language, institutions, or historical memories of its people" (Emphasis added by the trial attorney).

We believe that natives of any country of the Western Hemisphere, whether the country is independent or not, were made ineligible by the amendment to section 245. First, it is to be noted that the amendment of Mr. Poff referring to natives of contiguous territory includes independent countries as well as dependent (sec. 101(b)(5) of the Act). Neither the problem attacked by the amendment nor the language used justifies making a native of a colony in an adjacent island ineligible for relief and making a native in a nearby Western Hemisphere country eligible simply because his country is a colony. The problem sought to be solved was the circumvention of the letter and spirit of immigration laws by "nationals of Central and South America" who came to the United States as visitors and then applied for adjustment of status—a procedure "unfair to other Western Hemisphere aliens seeking permanent residence" (remarks of Mr. Poff, 111 Cong. Rec. 20995 (daily ed. August 25, 1965)). Circumvention of the law and unfairness exist equally whether the alien came from a colony or an independent country and whether he came from an island or a continent. It therefore appears logical that all natives from the area should be treated equally whether they came from a colony or an independent country.

Furthermore, it cannot be without significance that Mr. Poff's amendment did not merely add natives of adjacent islands to the existing amendment which barred natives of independent countries. His amendment also replaced the reference to natives of independent countries with the reference to natives of *any country*.

As to the comments concerning "independent countries" which respondent and the special inquiry officer point to, the fact is, that they are, for the most part, references to an unrelated issue—admission of aliens from independent countries of the Western Hemisphere as quota immigrants.

Counsel's contention that respondent's application should be decided on the basis of the law which existed at the time of filing must be dismissed. *Matter of George, supra*, discusses this issue fully.

We find respondent ineligible for relief because he is a native of a country of the Western Hemisphere.

So that all issues may be administratively determined in this order, we may, without going into detail, state that had respondent been statutorily eligible for relief, the special inquiry officer's discretionary grant would have been approved. Under the circumstances here, we have no jurisdiction to grant a waiver under section 212(h) of the Act (see *Matter of DeF—*, 8 I. & N. Dec. 68).

The proceedings will be returned to the special inquiry officer for consideration of such other application for relief as respondent may desire to pursue, for inquiry under section 243(a) and (h) of the Act, and for such other action as he may deem appropriate.

ORDER: It is ordered that the special inquiry officer's orders be and the same are hereby withdrawn.

*It is further ordered* that proceedings be reopened for action not inconsistent with the foregoing discussion.